UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Anthony Primus, | ) | C/A No. 2:16-125-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| David Michael Pascoe, | ) | |
| L. C. Knight, | ) | |
| Margaret M. McDonald, and | ) | |
| Brian Bills; | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND[1]

James Anthony Primus ("Plaintiff")[2] has filed a brief pleading related to his September 1,

---

[1] This court may take judicial notice of Civil Action No. 4:07-cv-2652-PMD. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). The factual information set forth herein is for background purposes only, and is taken from the Report and Recommendation in Plaintiff's habeas action which was adjudicated in this Court. See Doc. # 26 in Civil Action No. 4:07-cv-2652-PMD.

[2] The Court will refer to Mr. Primus as Plaintiff throughout the Report as a reference to Mr. Primus in this case, even though he may have been technically termed a different title at various times in the factual and procedural history discussed herein (i.e. Defendant, Petitioner, Appellant, etc.)

1

1998 convictions for ABHAN and kidnapping. See Doc. # 1, and See Doc. # 26 in C.A. 4:07-2652. By way of background, this Court notes that in September 1997, the Plaintiff was indicted for criminal sexual conduct ("CSC") in the first degree, kidnapping, possession of crack cocaine, and burglary in the second degree. Between August 31-September 1, 1998, the Plaintiff was tried by a jury on the CSC, kidnapping, and burglary charges with the Honorable Luke N. Brown, Jr., presiding. The jury convicted him of assault and battery of a high and aggravated nature (ABHAN) and kidnapping. Judge Brown sentenced him to thirty (30) years imprisonment for the kidnapping and ten (10) years for the ABHAN, to run consecutively. The Plaintiff timely filed a notice of appeal. On July 10, 2000, the South Carolina Court of Appeals reversed the Plaintiff's convictions in *State v. Primus*, Op. No. 3214 (S. C. Ct. App. filed July 10, 2000). (App. 361-72.) The State filed a petition for rehearing on July 24, 2000. (App. 373-83.) On August 17, 2000, the South Carolina Court of Appeals denied the rehearing petition. (App. 384.) On September 15, 2000, the State filed a petition for a writ of certiorari with the South Carolina Supreme Court. On February 9, 2001, the South Carolina Supreme Court granted certiorari. On May 20, 2002, the South Carolina Supreme Court affirmed the decision of the Court of Appeals in part and reversed it in part in *State v. Primus*, 564 S.E.2d 103 (S.C. 2002)(Pleicones, J., concurring in part and dissenting in part). Specifically, the South Carolina Supreme Court found that the trial court had subject matter jurisdiction over the ABHAN conviction because it concluded, as a matter of state law, that ABHAN is a lesser included offense of first degree CSC.  The court further held that the Court of Appeals had correctly held the assistant solicitor's comment concerning the Plaintiff's failure to produce his uncle as a witness was improper. However, the court concluded that any error was harmless beyond a reasonable doubt.  The South Carolina Supreme Court sent the remittitur down on June 5, 2002.

On July 10, 2002, the Plaintiff filed a pro se application for post-conviction relief ("PCR") raising allegations of ineffective assistance of counsel. On November 16, 2004, the Honorable James C. Wiiliams, Jr., held an evidentiary hearing into the matter . On December 21, 2004, Judge Williams denied the Plaintiff relief and dismissed his PCR application with prejudice. The Plaintiff filed a timely notice of appeal. On April 4, 2007, the South Carolina Court of Appeals denied certiorari and granted counsel's motion to be relieved. The remittitur was sent down on April 24, 2007.

On July 30, 2007, Plaintiff herein filed a federal petition for a writ of habeas corpus in this Court. See Doc. # 1 in Civil Action No. 4:07-2652. By Order filed May 27, 2008, the District Court granted Respondent's motion for summary judgment and denied relief on Plaintiff's Petition. See Doc. # 31-32 in Civil Action No. 4:07-2652.  Plaintiff filed a timely notice of appeal. See Doc. # 34 in Civil Action No. 4:07-2652. On November 3, 2008, the Fourth Circuit Court of Appeals issued an opinion dismissing the appeal. See Doc. # 40-41 in Civil Action No. 4:07-2652.

Plaintiff is currently serving a thirty year sentence on his kidnapping conviction and a 10 year sentence on his ABHAN conviction. In his complaint, Plaintiff names as Defendants the First Circuit Solicitor for the State of South Carolina David Pascoe,[3] Assistant Solicitor Margaret McDonald, who prosecuted Plaintiff's criminal case,[4] Sheriff Knight of Dorchester County[5] and Sheriff's Deputy Brian Bills who testified at Plaintiff's state criminal trial.  See Doc. # 16-4 at p. 36 in Civil Action No. 4:07-2652. Plaintiff seeks monetary damages.

---

[3]Defendant Pascoe is the First Circuit Solicitor. See http://scsolicitor1.org/cmp/.

[4]Defendant McDonald was the assistant solicitor who tried Plaintiff's criminal case. See p. 10 of Doc. # 16-4 in Civil Action No. 4:07-2652.

[5]http://dorchestercountysheriff.com/

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

4

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted). As an initial matter, several of the Defendants named by Plaintiff are entitled to immunity from suit.

Plaintiff sues Defendants McDonald and Pascoe[6] for actions associated with his judicial case.

---

[6] Although it appears that Solicitor Pascoe was not personally directly involved in the prosecution of Plaintiff's criminal charges, to the extent that Plaintiff is suing Defendant Pascoe on a theory of supervisor liability, his claims must also fail. Supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud,* 13 F.3d 701, 798 (4th Cir.1994). However, certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris,* 164 F.3d 215, 22. Plaintiff's complaint contains no facts regarding Defendant Pascoe which would satisfy the above criteria. As the complaint fails to state a claim against Defendant Pascoe, in either his official or

To the extent Defendants were acting as prosecuting attorneys, they are entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As Plaintiff's allegations against these Defendants appear to stem entirely from their roles as state prosecutors, they are both entitled to summary dismissal.

Defendant Knight in his official capacity as Sheriff for Dorchester County is entitled to Eleventh Amendment immunity as outlined below. This court has held that under South Carolina law sheriffs and deputy sheriffs are agents of the state and not of the counties: "[i]t is well-established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State." *Carroll v. Greenville Cty. Sheriff's Dept.,* 871 F.Supp. 844, 846 (D.S.C.1994)(quoting *Gulledge,* 691 F.Supp. at 955). Similarly, "South Carolina's county governing bodies 'have no measurable control over the appointment, discharge, ..., duties, or policies of the [sheriff and his deputies]." *Id.* at 955 (quoting *McConnell,* 829 F.2d at 1327); *see also McCall v. Williams,* 52 F.Supp.2d 611, 615 (D.S.C. May 19, 1999) ("As an arm of the State, a deputy sheriff is entitled to Eleventh Amendment immunity from civil damages suits in federal court, unless the state expressly waived this immunity."). "State sovereign immunity is a bedrock principle of 'Our Federalism.' " *Virginia v. Reinhard,* 568 F.3d 110, 115 (4th Cir.2009)(citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The

---

individual capacities, he should be dismissed as a party. *See Farr v.Anderson Cty. Det. Ctr.*, 2007 WL 433263, at *4 (D.S.C. 2007).

Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." E.g., *Fed. Maritime Comm. v. South Carolina State Ports Auth.,* 535 U.S. 743, 747, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States). *See also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.,* a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C.Code Ann. § 15–78–20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Thus, the Eleventh Amendment bars this suit against a state official acting in his official capacity. *See Morstad v. Dept. of Corr.,* 147 F.3d 741, 744 (8th Cir.1998). Charley v. Office of the Atty. Gen., 2010 WL 2571866, at *3 (D.S.C. May 21, 2010) report and recommendation adopted, 2010 WL 2571739 (D.S.C. June 21, 2010) aff'd sub nom. *Charley v. Office of Atty. Gen.*, 404 F. App'x 739 (4th Cir.

2010).

In regards to any individual liability on the part of Sheriff Knight, Plaintiff has not alleged that Knight was personally involved in the events related to his underlying arrest. Liberally construed, it appears that Plaintiff is suing Defendant Knight in his position as Sheriff in a supervisory role over the individual officer involved in the recited facts. As noted supervisory officials may be held liable only in certain circumstances for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud,* 13 F.3d 701, 798 (4th Cir.1994). However, Plaintiff's complaint contains no facts regarding Defendant Knight that would satisfy the above outlined criteria for supervisory liability. *See Carter v. Morris,* supra, FN 6. As the complaint fails to state a claim against Defendant Knight, in either his official or individual capacity, he should be dismissed as a party. *See Farr v. Anderson Cty. Det. Ctr.*, 2007 WL 433263, at *4 (D.S.C. 2007).

Plaintiff has also named as a Defendant Brian Bills, Sheriff's Deputy. Plaintiff asserts that Defendant Bills (and Defendant Knight) "committed perjury" in connection with his criminal trial. As previously noted, Plaintiff was convicted on one count of kidnapping and one count of ABHAN and is currently serving a sentence of 30 years. In his Complaint, Plaintiff indicates that he is seeking monetary damages for false imprisonment. Any claims with regard to Plaintiff's state criminal convictions must fail based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][7] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78(2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how the prosecution was conducted, *Wallace* is inapplicable and

---

[7] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *see also Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under *Heck*)(citing *Clemente v. Allen* and other cases).

*Heck* controls. In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 Plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

      As summarized above it appears that Plaintiff has already attempted to challenge his state convictions both directly and collaterally. However, it is obvious that he has not yet been successful in any efforts to overturn the conviction because he is still incarcerated and serving the sentence imposed. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (Inmate locator function) (last visited February 29, 2016); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Because Plaintiff has not been successful in having the relevant 1998 Dorchester County convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by the named law enforcement participants if true, would necessarily invalidate his conviction, he cannot sue the Defendants based on their involvement in his arrest, prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to Defendants Bills (and Knight) as to all claims related to Plaintiff's

convictions for kidnapping and ABHAN.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court dismiss the complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 29, 2016  
Florence, South Carolina

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).